J-S31042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORVILLE BARRETT | : | |
| | : | |
| Appellant | : | No. 2010 EDA 2021 |

Appeal from the PCRA Order Entered October 6, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002443-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 29, 2022**

Appellant Orville Barrett appeals from the order of the Court of Common Pleas of Lehigh County denying his first petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Counsel has filed a petition to withdraw his representation after he was appointed for this collateral appeal. As Appellant was never afforded the assistance of counsel in the preparation of his first PCRA petition, we vacate the PCRA court's order, deny counsel's petition to withdraw, and remand for further proceedings.

On July 20, 2017, after a bench trial, Appellant was convicted of third-degree murder. On August 24, 2017, the trial court sentenced Appellant to twenty to forty years' imprisonment. Appellant did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On February 6, 2018, Appellant filed a *pro se* PCRA petition. After the PCRA court appointed counsel, the PCRA court reinstated Appellant's right to file a direct appeal *nunc pro tunc* without objection from the Commonwealth.

Once Appellant filed his direct appeal *nunc pro tunc*, this Court affirmed the judgment of sentence on February 21, 2019. ***See Commonwealth v. Barrett***, 1515 EDA 2018, 2019 WL 764305 (Pa.Super. Feb. 21, 2019) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Supreme Court.

On November 1, 2020, Appellant filed the instant PCRA petition, in which he acknowledged his petition was untimely, but asserted he could meet a PCRA timeliness exception with the presentation of after-discovered evidence and his assertion of "actual innocence." Appellant also made requests for the appointment of counsel and to proceed *in forma pauperis*.

On December 14, 2020, the PCRA judge, the Honorable Judge Kelly L. Banach issued notice of her intent to dismiss the appeal without a hearing pursuant to Pa.R.Crim.P. 907 as she found Appellant's petition was untimely filed. Judge Banach retired at the end of 2020 while Appellant's petition was pending. On September 21, 2021, Appellant filed a *pro se* notice of appeal. The case was transferred to the Honorable James T. Anthony, who dismissed Appellant's petition on October 6, 2021.[2]

---

[2] Appellant prematurely filed his notice of appeal after the Rule 907 notice was issued as the PCRA court had not yet filed a final, appealable order dismissing
*(Footnote Continued Next Page)*

On December 10, 2021, this Court issued a *per curiam* order directing the PCRA court to determine Appellant's eligibility for court-appointed counsel. Order, 12/10/21, at 1 (citing Pa.R.Crim.P. 904(C)). In an order entered February 7, 2021, the trial court appointed Robert E. Sletvold, Esq. to represent Appellant on collateral appeal. Attorney Sletvold subsequently filed a petition to withdraw along with an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We initially note that counsel mistakenly believed that he was required to file an **Anders** brief in seeking to withdraw on collateral appeal, as the appropriate filing to withdraw from PCRA representation is a **Turner/Finley** "no-merit" letter. **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **See also Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (clarifying that procedure set forth in **Anders** is not the appropriate vehicle for withdrawing from PCRA representation).

Nevertheless, since an **Anders** brief provides a defendant greater protection, we may accept an **Anders** brief in lieu of a **Turner/Finley** letter. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

---

the petition. However, we may construe the appeal as timely filed since the PCRA court order entered an order denying the petition. **See** Pa.R.A.P. 905(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry on the day thereof"); **Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa.Super. 2012) (declining to quash premature notice of appeal filed after entry of Rule 907 notice but before final order dismissing PCRA petition).

Counsel seeking to withdraw on collateral appeal must follow the procedure outlined in **Turner**/**Finley**. Relevantly:

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and "no-merit" letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (citations omitted).

In the instant case, counsel has satisfied the technical requirements of **Turner/Finley**. Specifically, he (1) set forth the issues Appellant wished to have reviewed; (2) stated that he conducted a thorough review of the record and applicable law; (3) determined there are no non-frivolous claims Appellant

can raise; and (4) explained why Appellant's claims are meritless. Moreover, counsel has verified that he mailed Appellant a letter informing him of his intention to seek permission to withdraw from representation, as well as Appellant's rights in lieu of representation. As such, we may proceed to an independent review of the appeal.

Counsel asserts that there is no merit to the instant appeal as Appellant's underlying PCRA petition was untimely. We acknowledge that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply

- 5 -

retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, this Court affirmed the judgment of sentence on February 21, 2019. Appellant did not file a petition for allowance of appeal with the Supreme Court. As such, the judgment of sentence became final on March 25, 2019 after the time period for Appellant to file an appeal to the Supreme Court of the United States had expired. *See* Pa.R.A.P. 1113 (providing that a petition for allowance of appeal must be filed with the Supreme Court within 30 days of this entry of this Court's order). Thus, Appellant had to file a PCRA petition by March 25, 2020. As Appellant did not file this petition until November 1, 2020, the instant petition is facially untimely.

However, while the PCRA court dismissed Appellant's petition without a hearing after finding that Appellant failed to meet any of the PCRA timeliness exceptions, the PCRA court never addressed Appellant's request for counsel to assist him in the presentation of his first PCRA petition. *See* ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013) (citing ***Commonwealth v. Karanicolas***, 836 A.2d 940, 944 (Pa.Super. 2003) ("when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.")

Our rules of criminal procedure provide that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or

otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's **first petition for post-conviction collateral relief**." Pa.R.Crim.P. 904(B) (emphasis added). The rules of procedure requiring the appointment of counsel apply to PCRA cases. Pa.R.Crim.P. 900; **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 699 (1998).

In similar circumstances, our Supreme Court has held that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply." **Commonwealth v. Smith**, 572 Pa. 572, 584, 818 A.2d 494, 500–501 (2003). The Supreme Court agreed with this Court's holding in **Commonwealth v. Ferguson**, 772 A.2d 177, 178 (Pa. Super. 1998), which recognized that the PCRA time bar "must yield" to a petitioner's right to counsel for a first PCRA petition pursuant to Rule 904. **Smith**, 818 A.2d at 500 (citing **Ferguson**, 722 A.2d at 178).

The Supreme Court explained that an indigent first-time PCRA petition may not know of the necessity of demonstrating the existence of an exception to the time-bar if unrepresented by counsel. **Id**. at 585, 818 A.2d at 501. Moreover, the Supreme Court noted that "even if the petitioner was aware of the need to prove an exception to the time-bar, appointed counsel would be more able to investigate underlying facts and explore whether such facts are sufficient to prove that one of the exceptions to the one-year time limitation applies." **Id**.

As such, in this case, after Appellant's direct appeal rights were reinstated *nunc pro tunc* and this Court affirmed the judgment of sentence, Appellant's subsequent PCRA petition should have been characterized as his first PCRA petition. **See Turner**, **supra**.

Thus, it was not sufficient for the PCRA court to appoint counsel to represent Appellant on appeal after the denial of his petition as Appellant had never been afforded representation to present his first PCRA petition. As an indigent petitioner, Appellant was entitled to the appointment of counsel to represent him in the preparation of the petition and to assess whether any of the PCRA timeliness exceptions were applicable. **See Smith**, **supra**.

Accordingly, we vacate the PCRA court's order denying Appellant's petition, deny counsel's request to withdraw, and remand for counsel to address the applicability of the Section 9545(b) timeliness exceptions with Appellant.

Order vacated. Petition to withdraw denied. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 9/29/2022*

- 8 -